**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**(CENTRAL DIVISION)**

---

JAMES ("JIM") NEWTON, II, an individual; and BRENT MESKIMEN, an individual,

Plaintiffs,

v.

PAUL SWINTON, an individual; RONALD ("RON") MEAD, JR., an individual; DANIEL ("DAN") PITCHER, an individual; ANTHONY ("TONY") KIMMI, an individual; MARK WICKHAM, an individual; KARL OLSON, an individual; KAREN RIECK, an individual; WICKHAM & GEADELMANN, P.L.L.C., an Iowa professional limited liability company; FBL FINANCIAL GROUP, INC. (d/b/a FBL FINANCIAL GROUP and FARM BUREAU FINANCIAL SERVICES) a corporation; and FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY (formerly d/b/a IOWA FARM MUTUAL INSURANCE COMPANY and FARM BUREAU MUTUAL INSURANCE COMPANY), a corporation,

Defendants.

Case No. 4:25-cv-00453-SMR-HCA

---

**PLAINTIFFS' BRIEF IN RESISTANCE TO DEFENDANTS' MOTION TO STAY DISCOVERY, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER LIMITING DISCOVERY**

**<u>ORAL ARGUMENT REQUESTED</u>**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........ ii

**INTRODUCTION** ........ 1

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND** ........ 2

**ARGUMENT** ........ 9

- **DISCOVERY SHOULD NOT BE STAYED PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT.** ........ 11
  - **Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Does Not Favor a Stay and Does Not Advance Judicial Economy** ........ 12
  - **Plaintiffs Face Extreme Prejudice if Discovery Is Stayed Now, After the Court Has Already Established Case Deadlines.** ........ 13
  - **Proceeding With Discovery Would Not Impose Any Undue Burden on Defendants** ... 14
- **THE COURT SHOULD NOT LIMIT AND SEQUENCE DISCOVERY AND STAY IT AS TO THE INDIVIDUAL DEFENDANTS.** ........ 18

**CONCLUSION** ........ 20

# TABLE OF AUTHORITIES

Cases

*Allen v. AgReliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016) ........ passim
*AT&T Corp. v. Superior Tel. Coop.*, No. 4:07-cv-00043-JEG-RAW, 2007 WL 9862177, at *1 (S.D. Iowa June 12, 2007) ........ 11
*Zutz v. Nelson*, No. 08-958 (JNE/RLE), 2009 WL 10711548, at *3 (D. Minn. Jan. 12, 2009) ... 11

Rules

Federal Rule of Civil Procedure 26(d)(3) ........ 20

In support of this Resistance, Plaintiffs state as follows:

## INTRODUCTION

Far from being unreasonable in serving written discovery on Defendants and not agreeing to stay discovery at this point in the case, Plaintiffs are simply attempting in good faith to follow the prior orders and direction received from this Court. This Court has previously denied a request to stay the proceedings in this case because of a pending motion to dismiss, i.e., Defendants' first motion to dismiss. And, the Court has entered a Scheduling and Trial Setting Order, which sets deadlines in the case—some of which are quickly approaching. Plaintiffs need full discovery now in order to meet those deadlines.

Nothing has changed except another motion to dismiss is now pending, i.e., Defendants' recently filed second motion to dismiss. In response to Defendants' renewed request to stay discovery, Plaintiffs explained the need to proceed with discovery given the Court's prior orders and direction. Plaintiffs even offered to work with Defendants, in good faith, to attempt to come to an agreement with respect to a protective/confidentiality order until such time as the Court rules on any confidentiality/privilege issues, in order to proceed with discovery. Instead of responding to that offer and working with Plaintiffs in attempting to come to an agreement with respect to a protective/confidentiality order so the parties could proceed with discovery, Defendants filed their Motion to Stay Discovery, or, in the Alternative, for a Protective Order Limiting Discovery [ECF No. 88], and the accompanying Brief [ECF No. 88-1] and Exhibits [ECF No. 88-2].

In order to put Defendants' Motion to Stay Discovery in the proper context, it is important to review and understand the procedural history and factual background in this case as stated below.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs commenced this action by filing their Complaint and Jury Demand on November 16, 2025. *See* [ECF No. 1]. On November 25, 2025, rather than simply moving to seal the Complaint or to redact certain portions of the Complaint for allegedly containing attorney-client privileged communications, the Farm Bureau Defendants hastily filed a meritless and completely unwarranted Motion for Sanctions against Plaintiffs requesting the Court strike Plaintiffs' entire Complaint as a sanction for including alleged attorney-client privileged communications. *See* [ECF No. 6]. Plaintiffs, of course, spent an enormous amount of time and effort in opposing that Motion for Sanctions and filed a lengthy Combined Resistance to that Motion for Sanctions and an accompanying Motion to File Under Seal showing the numerous reasons the Farm Bureau Defendants were wrong in their arguments made in those Motions and their Motions should be denied. *See* [ECF Nos. 25, 27, & 28]. The Court, ultimately, denied the Farm Bureau Defendants' Motion for Sanctions and granted in part and denied in part their Motion to Seal the Complaint requiring only certain paragraphs of the Complaint to be redacted. *See* [ECF No. 62].

While Plaintiffs were still working on resisting the Farm Bureau Defendants' Motions for Sanctions and to File Under Seal, all of the Defendants moved for an extension of time to file an answer which was granted by the Court. *See* [ECF Nos. 16 & 20]. Just 8 days after Plaintiffs filed their Resistance to the Motions for Sanctions and to File Under Seal, instead of filing answers, all of the Defendants filed their first pre-answer Motion to Dismiss Plaintiffs' original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Plaintiffs' entire Complaint. *See* [ECF Nos. 33, 36, & 37]. When Plaintiffs needed additional time to resist Defendants' first Motion to Dismiss and conferred with Defendants' counsel regarding their

initial request for an extension, Defendants conditioned their agreement to the requested extension on Plaintiffs agreeing to postpone any discovery while the Motion to Dismiss was pending. In response, Plaintiffs said they would agree that discovery be stayed pending the Court's resolution of the Motion to Dismiss, so long as all other proceedings and all deadlines were also stayed pending the Court's resolution of the Motion to Dismiss. *See* [ECF Nos. 38 ¶¶ 6-7 and attached Exhibit 1]; *see also* [ECF No. 52 ¶ 7].

In accordance with that conditional agreement, on March 9, 2026, the parties filed a Joint Motion to Stay Other Proceedings and All Deadlines Pending Resolution of Defendants' Motion to Dismiss. *See* [ECF No. 52]. However, the Court (Honorable Magistrate Judge Helen Adams) entered a Text Order denying that Joint Motion the very next day, March 10, 2026. *See* [ECF No. 53]. So, the parties proceeded to comply with the Court's orders and filed an agreed-to proposed scheduling order setting deadlines in the case. The parties also participated in a Rule 16 scheduling conference with the Court on April 28, 2026.

At the time of that Rule 16 scheduling conference, on April 28, 2026, Magistrate Judge Adams made it clear to the parties the Court was not in favor of staying the proceedings. Instead, Judge Adams provided some flexibility in allowing the parties to set the deadlines in the case out further than ordinarily recommended. And Judge Adams commented that the Court would be flexible in extending the deadline for amending pleadings if a decision had not yet been entered on Defendants' Motion to Dismiss. But the Court was firm in its desire to set deadlines in the case and to proceed with moving the case forward even with the Defendants' first Motion to Dismiss pending.

After the Rule 16 scheduling conference on April 28, 2026, the Court entered its Scheduling and Trial Setting Order. That Order establishes the following deadlines: (1) June 12,

2026, as the deadline for making Initial Disclosures; (2) December 23, 2026, as the deadline for filing motions to add parties; (3) December 23, 2026, as the deadline for filing motions for leave to amend pleadings; (4) January 25, 2027, as the deadline for Plaintiffs' designation of expert witnesses and disclosure of their written reports; (5) March 24, 2027, as the deadline for Defendants' designation of expert witnesses and disclosure of their written reports; (6) April 26, 2027, as the deadline for Plaintiffs' designation of rebuttal expert witnesses and disclosure of their written reports; (7) May 28, 2027, as the deadline for completion of discovery (with written discovery to be propounded so that the time for response is not later than that date); (8) June 28, 2027, as the deadline for filing dispositive motions; (9) December 21, 2027, as the date for Final Pretrial Conference; and (10) January 24, 2028, for commencement of the Jury Trial in this case. *See* [ECF No. 65].

Also, at the time of the Rule 16 scheduling conference, counsel for Plaintiffs notified the Court and Defendants' counsel that they had started drafting a proposed amended complaint and they intended to move for leave to amend their Complaint and Jury Demand once the proposed Amended Complaint was drafted. Although Plaintiffs thought they had pled sufficient factual allegations in their original Complaint, Plaintiffs were drafting an Amended Complaint, out of an abundance of caution, to address the pleading deficiencies claimed by Defendants in their first Motion to Dismiss believing that, by doing so, Plaintiffs would meet, answer, and render all of the Defendants' arguments made in their first Motion to Dismiss moot. Given this information of Plaintiffs' intent to move to amend their Complaint, Defendants did not make any new attempt to stay the proceedings (including staying discovery) at that time. The Court still entered the Scheduling and Trial Setting Order as set out above. And the parties began discovery by exchanging Initial Disclosures in June 2026.

Then, on July 7, 2026, Plaintiffs filed an Unresisted Motion for Leave to Amend Plaintiffs' Complaint and Jury Demand (Filed Under Seal) along with, among other attachments, the proposed First Amended Complaint and Jury Demand (Filed Under Seal), all under seal. The Court granted that unresisted Motion by Text Order the same day [ECF No. 73], and the First Amended Complaint was detached from Plaintiffs' Motion and docketed under seal that date [ECF No. 74]. Prior to this, Plaintiffs' counsel had been in contact with Defendants' counsel providing them an update on the status of the proposed Amended Complaint. In fact, Plaintiffs had provided Defendants with both a clean copy and a red-lined version of Plaintiffs' proposed First Amended Complaint and Jury Demand in substantially the final form for which Plaintiffs intended to seek leave to file back on June 26, 2026. And, even prior to that, Plaintiffs attempted to keep the Court and Defendants apprised of the status of the drafting and filing of the proposed First Amended Complaint, to the best of their estimations, by filing a status report with the Court on June 18, 2026. *See* [ECF No. 68].

Instead of filing an answer to the First Amended Complaint, Defendants moved for two extensions of time up to and including August 10, 2026, to file their second pre-answer Motion to Dismiss. *See* [ECF Nos. 75 & 77]. The Court granted both of those requested extensions. *See* [ECF Nos. 76 & 78]. On August 10, 2026, Defendants filed an Unresisted Motion for Leave to File Overlength Brief in Support of Motion to Dismiss, along with the attached Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and proposed overlength Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, all under seal [ECF Nos. 81, 81-1, and 81-2]. The Court granted that unresisted Motion by Text Order on August 11, 2026 [ECF No. 82], and Defendants' second Motion to Dismiss and

Memorandum of Law in Support were detached from the Motion and docketed under seal on August 12, 2026 [ECF Nos. 83, 83-1].

Plaintiffs are currently working on resisting and responding to Defendants' second Motion to Dismiss. In doing so, Plaintiffs have similarly requested two extensions—both of which have been granted—and their current deadline for resisting and responding to that second Motion to Dismiss is September 21, 2026. *See* [ECF Nos. 84, 85, 90, & 91]. In the Court's Text Order on September 10, 2026, granting Plaintiffs' requested extension to September 21, 2026, to resist and respond to Defendants' second Motion to Dismiss, it states: "The Court notes the parties have deadlines approaching later this year and early 2027 that are still in effect." *See* [ECF No. 91].

On August 25, 2026, counsel for both Plaintiffs and Defendants participated in a conference call to discuss matters in preparation for filing a written status report to the Court prior to the status conference initially scheduled for September 2, 2026. During that conference call, one of Defendants' counsel asked Plaintiffs' counsel for their thoughts on again approaching the Court with a request to stay the proceedings (including staying discovery) while Defendants' second Motion to Dismiss was pending. Plaintiffs' counsel responded by saying we had already tried that—and Plaintiffs believed Magistrate Judge Adams had been clear, when the parties had previously filed the Joint Motion requesting to stay the proceedings and all deadlines in the case, that the Court did not want to stay the proceedings. Counsel for Plaintiffs did acknowledge, in that conference call, that the filing of Defendants' second Motion to Dismiss and associated briefing by the parties with respect to Defendants' second Motion to Dismiss, in response to Plaintiffs' filing of the First Amended Complaint, is taking up additional time not fully anticipated at the time of the Rule 16 Scheduling Conference with the Court, and that the

parties may need to request some extensions of the deadlines set in the Court's Scheduling and Trial Setting Order. But it was Plaintiffs' position that the parties needed to follow the Court's Orders and proceed with discovery in the case in, especially given the upcoming deadlines that have been set in the Court's Scheduling and Trial Setting Order. As Plaintiffs' counsel explained to Defendants' counsel in that conference call, based on Defendants' previous filings, including the Motion for Sanctions and Motion to Seal, as well as Defendants' counsel's indications in conversations regarding the assertion of attorney-client privilege and/or attorney work product, it is likely the parties will have disagreements or disputes regarding discovery in this matter; and, in order to meet the deadlines set in the Court's Scheduling and Trial Setting Order, we need to develop these discovery disputes and bring them before the Court for resolution as soon as possible. That way, if we do, ultimately, need to request extensions of the deadlines, we will have made good faith efforts to meet the deadlines and be in a position to request extensions of those deadlines by presenting a concrete need to do so based on the discovery disputes. One of Defendants' counsel even acknowledged, during the conference call, that it was probably better to discuss with Judge Adams, at the upcoming status conference, the potential need to extend the deadlines set in the case rather than again asking to stay all proceedings, given the Court's previous orders and response to the parties' initial request to stay proceedings.

In accordance with Plaintiffs' position, as stated in this conference call, Plaintiffs then followed up by serving their First Sets of Document Production Requests on Defendants on August 31, 2026. Plaintiffs' counsel served those written discovery requests with a cover email to Defendants' counsel confirming Plaintiffs' stated position during that conference call. See copy of email from Stuart Higgins to Defendants' counsel dated August 31, 2026, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

A few days later, on September 2, 2026, Defendants' counsel sent an email to Plaintiffs' counsel notifying them of Defendants' intent to file a motion to stay discovery pending resolution of Defendants' second Motion to Dismiss or, in the alternative, motion for a protective order limiting discovery and specifically staying discovery involving the individually named defendants and their personnel files/employee records. And, in that email, Defendants' counsel asked Plaintiffs' counsel whether Plaintiffs will resist that motion. See email from Sarah Franklin to Plaintiffs' counsel dated September 2, 2026, a copy of which is attached as Exhibit 2 and incorporated herein by reference.

Plaintiffs' counsel responded by email the next day, on September 3, 2026, again confirming Plaintiffs' position that we need to proceed with discovery in this case given Magistrate Judge Adams' prior orders. In that email, Plaintiffs' counsel, again specifically noted, that given Defendants' prior filings in this case, Defendants have suggested/foreshadowed that Defendants will be claiming/asserting privilege and confidentiality in response to Plaintiffs' discovery requests. Plaintiffs' counsel explained, in that email, that those claims/assertions of privilege and confidentiality will require in camera inspection and ultimate resolution by the Court for Plaintiffs to obtain the necessary discovery, and that requires us to proceed with discovery now to expedite that process. Nevertheless, Plaintiffs' counsel offered, in that same email, to work with Defendants in good faith to attempt to alleviate Defendants' concerns while proceeding with discovery in the case. In that email, Plaintiffs' counsel offered to work with Defendants' counsel to attempt to come to an agreement as to a protective/confidentiality order to keep any confidential information/documents Defendants produce in response to Plaintiffs' discovery requests confidential subject to the protective order and only for use for purposes of this litigation until such time as the Court rules on any confidentiality/privilege issues. See email

from Justin Swaim to Sarah Franklin (with all other counsel cc'd) dated September 3, 2026, a copy of which is attached as Exhibit 3 and incorporated herein by reference.

The very next day, September 4, 2026, without making any response at all to Plaintiffs' counsel's offer in their September 3, 2026 email, or any other good faith attempt to negotiate and resolve any discovery disputes, Defendants, instead, filed Defendants' Motion to Stay Discovery, or, in the Alternative, for a Protective Order Limiting Discovery, along with a supporting Brief and Exhibits. *See* [ECF Nos. 88, 88-1, and 88-2].

## **ARGUMENT**

As stated above, Plaintiffs, by attempting to proceed with discovery, are simply following the prior orders and direction received from this Court. This Court previously denied a request to stay the proceedings in this case because of a pending motion to dismiss, i.e., Defendants' first motion to dismiss. And the Court has entered a Scheduling and Trial Setting Order, which sets deadlines in the case—some of which are quickly approaching. Plaintiffs need full discovery now in order to meet those deadlines.

Nothing has changed except another motion to dismiss is now pending, i.e., Defendants' recently filed second motion to dismiss. In response to Defendants' renewed request to stay discovery, Plaintiffs explained the need to proceed with discovery given the Court's prior orders and direction. Plaintiffs even offered to work with Defendants, in good faith, to attempt to come to an agreement with respect to a protective/confidentiality order until such time as the Court rules on any confidentiality/privilege issues, in order to proceed with discovery. Defendants did not respond to that offer at all. Instead of responding to that offer and working with Plaintiffs in attempting to come to an agreement with respect to a protective/confidentiality order so the parties could proceed with discovery, Defendants filed their Motion to Stay Discovery, or, in the

Alternative, for a Protective Order Limiting Discovery and accompanying Brief and Exhibits, attacking Plaintiffs and Plaintiffs' counsel.

There seems to be a repeated and related pattern by Defendants here: Deflect and attempt to shift blame to the Plaintiffs and attack Plaintiffs and Plaintiffs' counsel in an apparent attempt to delay the disclosure of documents and information harmful to them. Documents and information that Plaintiffs know exist and support Plaintiffs' claims and allegations made in this case (originally set out in their Complaint and Jury Demand and now set out in their First Amended Complaint and Jury Demand). Plaintiffs know this because the Plaintiffs, themselves, as the heads of the Special Investigations Unit within the corporate entity employers (i.e., FBL Financial Group, Inc. (a/k/a Farm Bureau Financial Services) and/or Farm Bureau Property & Casualty Insurance Company) investigating insurance fraud and other fraudulent or illegal activity, were parties to those documents, information, and conversations. Defendants first attempted to do this—deflect and attempt to shift blame to the Plaintiffs and attack Plaintiffs and Plaintiffs' counsel in an apparent attempt to delay the disclosure of documents and information harmful to them—in their Motions for Sanctions and to File Under Seal. That first attempt did not work for Defendants then. Now Defendants are attempting to do this again in their Motion to Stay Discovery or, in the Alternative, for a Protective Order Limiting Discovery and accompanying Brief. This second attempt should not work for Defendants now either.

Everyone has heard the saying, "Where there's smoke, there's fire." Plaintiffs can't help but believe they've hit a nerve with their discovery requests to Defendants. Plaintiffs think Defendants "doth protest too much" here. Discovery in this case should be allowed to proceed as previously ordered by this Court.

## I. DISCOVERY SHOULD NOT BE STAYED PENDING A RULING ON DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT.

First, Defendants argue that discovery should be stayed pending a ruling on Defendants' most recent Motion to Dismiss—Defendants' Motion to Dismiss the First Amended Complaint. *See* Defendants' Brief in Support of Motion to Stay, or, in the Alternative, for a Protective Order Limiting Discovery ("Defendants' Supporting Brief") [ECF No. 88-1] at 5. But a pending motion to dismiss, in and of itself, is not a sufficient reason to stay discovery. *See*, *e.g.*, *Zutz v. Nelson*, No. 08-958 (JNE/RLE), 2009 WL 10711548, at *3 (D. Minn. Jan. 12, 2009) (stating "standing alone, the pendency of a dispositive Motion does not establish 'good cause' to stay discovery"); *AT&T Corp. v. Superior Tel. Coop.*, No. 4:07-cv-00043-JEG-RAW, 2007 WL 9862177, at *1 (S.D. Iowa June 12, 2007) (stating "postponement of entry of a scheduling order and a stay of discovery pending ruling on a Rule 12(b)(6) motion is the exception, not the norm" and noting that such motions "carry no presumption of merit").

Although district courts possess broad discretion to manage discovery and may consider such factors as those set out in Defendants' Supporting Brief at page 6 (quoting *Allen v. AgReliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016) for factors courts may consider in deciding a motion to stay discovery), the moving party bears the burden of showing a stay of discovery is justified under the circumstances. See *Zutz*, 2009 WL 10711548, at *3. Defendants have not made a sufficient showing justifying a stay of discovery under the circumstances here. This is especially so given the current status of this case—the Court has already denied a previous request for a stay of the proceedings (including a stay of discovery) due to Defendants' first Motion to Dismiss which was pending at that time and a Scheduling Order has already been entered setting deadlines in the case.

### A. Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Does Not Favor a Stay and Does Not Advance Judicial Economy.

One of the factors Defendants assert in their argument for staying discovery is the alleged strength of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. *See* Defendants' Supporting Brief [ECF No. 88-1] at 6-7. Plaintiffs don't dispute the Court may consider the apparent strength or weakness of a pending motion to dismiss in deciding a motion to stay discovery—i.e., "whether there is a strong showing that a claim is unmeritorious" (*see Allen*, 2016 WL 5416418, at *2). But Plaintiffs strongly dispute the alleged strength of Defendants' Motion to Dismiss and that this factor weighs in favor staying discovery. Rather, Plaintiffs believe this factor actually weighs in favor of proceeding with full discovery.

Plaintiffs believe their initial Complaint and Jury Demand they filed in this case was sufficiently pled to defeat all of the arguments Defendants made in their first Motion to Dismiss. But, out of an abundance of caution, Plaintiffs drafted a First Amended Complaint to address the pleading deficiencies claimed by Defendants in their first Motion to Dismiss to meet, answer, and render all of the Defendants' arguments made in their first Motion to Dismiss moot. Defendants' second Motion to Dismiss—their Motion to Dismiss the First Amended Complaint—is mostly the same as the first (with some of the arguments made in the first Motion to Dismiss no longer being made). Plaintiffs are even more certain their First Amended Complaint is sufficiently pled to defeat all of the arguments Defendants made in their second Motion to Dismiss. And, as discussed previously above, this Court previously denied a request to stay the proceedings (including discovery) when Defendants' first Motion to Dismiss Plaintiffs' original Complaint was pending. Certainly, given Plaintiffs' First Amended Complaint, this factor weighs strongly in favor of not staying discovery now, at this stage in the litigation. Discovery should proceed as previously ordered by this Court.

### B. Plaintiffs Face Extreme Prejudice if Discovery Is Stayed Now, After the Court Has Already Established Case Deadlines.

Another factor Defendants assert in their argument for staying discovery is that Plaintiffs would allegedly suffer no prejudice from the requested stay of discovery. *See* Defendants' Supporting Brief [ECF No. 88-1] at 7-8. This is clearly and demonstrably wrong. Plaintiffs don't dispute that "the risk of unfair prejudice to the party opposing the stay" (*see Allen*, 2016 WL 5416418, at *2) is a factor this Court could and should consider in deciding Defendants' motion to stay discovery. But Plaintiffs definitely and vehemently dispute Defendants' assertion that Plaintiffs would suffer no prejudice from the requested stay of discovery and that this factor weighs in favor of staying discovery. Plaintiffs would certainly be prejudiced by a stay of discovery. This factor clearly weighs in favor of proceeding with full discovery.

Again, the procedural history of this case is significant here. As set out above in the "Procedural History and Factual Background" in this Resistance, this Court previously denied a request to stay the proceedings (including discovery) when Defendants' first Motion to Dismiss Plaintiffs' original Complaint was pending. *See* [ECF No. 53]. And the Court proceeded to conduct the Rule 16 scheduling conference and entered its Scheduling and Trial Setting Order setting deadlines in this case. *See* [ECF No. 65]. As shown above, some of those deadlines are quickly approaching. Staying discovery in this case would make it impossible for Plaintiffs to meet those deadlines as ordered by the Court. It would be obviously and fundamentally unfair to Plaintiffs to require them to meet the deadlines for amending pleadings, adding parties, making designations of expert witnesses and disclosing their written reports, etc., without any discovery. Plaintiffs would certainly be prejudiced—extremely and unfairly prejudiced—by a stay of discovery now, at this point in the litigation.

Defendants attempt to bolster their argument that Plaintiffs would suffer no prejudice from the requested stay of discovery based on the fact that Plaintiffs had previously joined in a motion to stay all proceedings. As explained above in the "Procedural History and Factual Background", Plaintiffs only agreed to a stay, at that time, because Defendants conditioned their agreement to Plaintiffs' requested extension for resisting Defendants' first Motion to Dismiss on Plaintiffs agreeing to postpone any discovery while the Motion to Dismiss was pending. Moreover, Plaintiffs expressly conditioned their agreement that discovery be stayed pending the Court's resolution of Defendants' first Motion to Dismiss, ***so long as all other proceedings and all deadlines were also stayed*** pending the Court's resolution of the Motion to Dismiss. *See* [ECF Nos. 38 ¶¶ 6-7 and attached Exhibit 1]; *see also* [ECF No. 52 ¶ 7]. Plaintiffs' agreement to stay discovery was conditional on all other proceedings and all deadlines being stayed—for the very reason that Plaintiffs could not agree to stay discovery if other proceedings and case deadlines were continuing to run. That condition did not materialize, as the Court denied the Joint Motion to Stay Other Proceedings and All Deadlines Pending Resolution of Defendants' Motion to Dismiss (*see* [ECF No. 53]) and subsequently entered its Scheduling and Trial Setting Order setting deadlines in this case (*see* [ECF No. 65]). So, there was no agreement.

Defendants also attempt to bolster their argument that Plaintiffs would suffer no prejudice by attacking Plaintiffs and arguing Plaintiffs have been the reason for delay in the case. As is apparent from a full recitation of the procedural history and background facts in this case, set out in the "Procedural History and Background Facts" section of this Resistance above, the Plaintiffs are certainly not the ones who have caused any delay in this case. The reality is quite the opposite.

### C. Proceeding With Discovery Would Not Impose Any Undue Burden on Defendants.

The final factor Defendants assert in their argument for staying discovery is that proceeding with discovery would allegedly impose an undue burden on Defendants. *See* Defendants' Supporting Brief [ECF No. 88-1] at 8-11. Again, Plaintiffs don't dispute that "the breadth of discovery and burden of responding to it" (*see Allen*, 2016 WL 5416418, at *2) is a factor the Court may consider in deciding a motion to stay. But, again, Plaintiffs dispute Defendants' contention that proceeding with discovery now, at this point in the litigation, would impose an undue burden on Defendants. And Plaintiffs dispute this factor weighs in favor of a stay of discovery.

The burden Defendants face in responding to discovery in this case is no different from the burden other defendants face in responding to discovery in other complex litigation cases. Defendants complain in their Supporting Brief that Plaintiffs served duplicative or the same or nearly the same document requests on three separate Defendant groups and responding to all of them would multiply the same effort. *See* Defendants' Supporting Brief [ECF No. 88-1] at 8. But this is not Plaintiffs' fault. The named Defendants in this case include both individual corporate insider Defendants (i.e., Defendants Swinton, Mead, Pitcher, Kimmi, Wickham, Olson, Rieck, and Wickham & Geadelmann, P.L.L.C.) and their employing corporate entities (i.e., FBL Financial Group, Inc. (a/k/a Farm Bureau Financial Services) and Farm Bureau Property & Casualty Insurance Company). The individual corporate insider Defendants are all officers and/or directors and/or attorneys of the employing corporate entities; and, as such, owed fiduciary employment duties to their corporate entity employers. And the corporate entity employers are, themselves, two separate legal entities. Therefore, Plaintiffs believe the individual corporate insider Defendants and the two corporate entity employers have separate, and potentially divergent interests, in the case. That is why Plaintiffs prepared 3 sets of the same

or almost the same document requests—one set directed to the individual corporate insider Defendants, the second set directed to FBL Financial Group, and the third set directed to Farm Bureau Property & Casualty Insurance Company. While they may be the same or substantially the same requests, those requests are to different and separate Defendants with separate, and potentially divergent interests. It is not Plaintiffs' fault that all of those Defendants are represented by the same attorneys and law firms. That is the only reason those documents requests would be duplicative. Moreover, with today's technology, Plaintiffs can't believe that, even if duplicative, copying and pasting the same response and providing the same documents electronically for all 3 sets of document requests would be much of a burden on Defendants—especially given the size and sophistication of these Defendants and the global law firm representing them.

Defendants also complain as to the breadth of some of the specific requests that were made. *See* Defendants' Supporting Brief [ECF No. 88-1] at 8-9. But Defendants should not be allowed to raise objections as to the breadth of some of Plaintiffs' specific requests as a basis for a motion to stay discovery when the Defendants have not even raised these objections in full and first attempted in good faith to negotiate and resolve any of those objections by "meeting and conferring" with Plaintiffs. *See Allen*, 2016 WL 5416418, at **2 (declining to address the propriety of particular discovery where no motion to compel was pending and the parties had not yet attempted to resolve the discovery dispute through the meet-and-confer process).*

Defendants also raise their concern as to the invasion of the individual Defendants' privacy because of the request for their personnel files. *See* Defendants' Supporting Brief [ECF No. 88-1] at 9-10. And Defendants raise their concern as to the publicity surrounding the case, the sensitivity of some of the requested records, and potential reputational harm. *See id.* at 10.

But, again, Defendants should not be allowed to raise these concerns regarding some of Plaintiffs' specific requests as a basis for a motion to stay discovery when the Defendants have not even raised these concerns in full and first attempted in good faith to negotiate and resolve any of those concerns by "meeting and conferring" with Plaintiffs. This is especially true given that Defendants did not even respond to Plaintiffs' prior offer to work with Defendants' counsel to attempt to come to an agreement as to a protective/confidentiality order to keep any confidential information/documents Defendants produce in response to Plaintiffs' discovery requests confidential subject to the protective order and only for use for purposes of this litigation until such time as the Court rules on any confidentiality/privilege issues.

Defendants also complain that allowing discovery to proceed will require the parties to address complex issues surrounding attorney-client privilege, which will require substantial effort and time on the part of the parties as well as potentially the Court in resolving any disputes on these issues. *See id*. Plaintiffs believe that is the point. That is precisely why full discovery needs to proceed now. That was precisely the point that Plaintiffs' counsel made with Defendants' counsel in their August 25, 2026 conference call and in Plaintiffs' counsel's emails to Defendants' counsel dated August 31, 2026 and September 3, 2026 (Exhibits 1 & 3 attached hereto and incorporated herein by reference)—that based on Defendants' previous filings and Defendants' counsel's indications in conversations regarding Defendants' assertion of attorney-client privilege and/or confidentiality, Plaintiffs anticipate the parties will have some discovery disputes surrounding those issues and that we need to proceed with discovery in order to get these anticipated discovery disputes developed and brought before the Court for resolution as soon as possible. This factor weighs heavily in favor of proceeding with full discovery now.

Defendants have made it clear that discovery is going to take substantial time in this case given their foreshadowed claims of privilege and confidentiality. It is likely going to take court intervention (including potentially in camera review) and resolution.

Full discovery needs to proceed now so these anticipated disputes can get developed and brought before the Court for resolution. Plaintiffs face quickly approaching deadlines. Plaintiffs need all of the written discovery before they are able to take depositions in the case. And Plaintiffs need all of the written discovery and depositions before they are able to provide expert witness disclosures and reports. Discovery must be allowed to proceed, and Defendants' request to stay discovery pending a ruling on Defendants' Motion to Dismiss the First Amended Complaint should be denied.

## II. THE COURT SHOULD NOT LIMIT AND SEQUENCE DISCOVERY AND STAY IT AS TO THE INDIVIDUAL DEFENDANTS.

Next, Defendants alternatively argue for limiting and sequencing discovery and staying discovery as to the individual Defendants, if the Court does not stay discovery in its entirety pending a ruling on Defendants' Motion to Dismiss the First Amended Complaint. *See id*. at 11-13. Plaintiffs definitely do not agree. With this request, Defendants are simply attempting to control and direct the documents and information to be subject to request and production in order to limit it to just what the Defendants want to disclose. Plaintiffs should be in control of their own discovery that they believe they need to prove their case.

Moreover, if discovery is limited and sequenced as requested by Defendants, Plaintiffs, again, for the same or similar reasons set out above with respect to staying all discovery, will not be able to meet the deadlines as set out in the Court's Scheduling and Trial Setting Order. Again, Plaintiffs face quickly approaching deadlines. Plaintiffs need all of the written discovery

now before they are able to take depositions in the case. And Plaintiffs need all of the written discovery and depositions before they are able to provide expert witness disclosures and reports.

And, again, we are likely going to be facing confidentiality and privilege disputes requiring court intervention (including potential in camera review) and resolution. So, it makes a lot more sense to get all of the discovery and discovery disputes out on the table at one time (or just a few times), rather than proceeding in a sequenced, piecemeal fashion and coming back to the Court over and over again with discovery disputes for court intervention and resolution.

Finally, again, the Court should deny Defendants' alternative request to limit and sequence discovery and stay discovery as to the individual Defendants, just as with Defendants' primary request to stay discovery in its entirety, based solely on the fact that Defendants have not first attempted in good faith to negotiate and resolve these issues by "meeting and conferring" with Plaintiffs. This is especially true given that Defendants did not even respond to Plaintiffs' prior offer to work with Defendants' counsel to attempt to come to an agreement as to a protective/confidentiality order to keep any confidential information/documents Defendants produce in response to Plaintiffs' discovery requests confidential subject to the protective order and only for use for purposes of this litigation until such time as the Court rules on any confidentiality/privilege issues. In fact, this Court should find that, by failing to do so, Defendants have waived any potential entitlement to a protective order under Federal Rule of Civil Procedure 26(c).

For all of the additional reasons Plaintiffs have set out above with respect to Defendants' request to stay discovery in its entirety, Defendants' alternative request to limit and sequence discovery and stay discovery as to the individual Defendants should be denied. Full discovery must be allowed to proceed.

## CONCLUSION

Federal Rule of Civil Procedure 26(d)(3) states: "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." That's the general rule. Simply put, Defendants have failed to meet their burden to establish good cause to evade the general rule. For all of the foregoing reasons, Plaintiffs respectfully request this Court enter an order denying Defendants' Motion to Stay Discovery, or, in the Alternative, for a Protective Order Limiting Discovery [ECF No. 88] in its entirety and permit discovery to proceed. Alternatively, if this Court decides to stay discovery pending the ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, in any respect, or to limit or sequence discovery, Plaintiffs respectfully request that the Court enter an order staying all other proceedings in the case (other than the pending motion to dismiss and associated filings, briefing, etc.), cancelling and vacating the current deadlines set out in the Court's Scheduling and Trial Setting Order filed herein on April 28, 2026 [ECF No. 65], and staying all remaining deadlines in the case to be reset after the ruling on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. Plaintiffs request oral argument because the Motion raises substantial case-management and discovery issues that will affect the parties' ability to comply with the existing Scheduling and Trial Setting Order. Plaintiffs also respectfully request any such alternative or other relief as the Court deems equitable, fair, just, and appropriate.

Respectfully submitted,

By: */s/ Stuart L. Higgins*
Stuart L. Higgins AT0010945
HIGGINS LAW FIRM, P.L.L.C.
701 13th Street, Suite 1
West Des Moines, IA 50265
Telephone: (515) 619-9148
Facsimile: (515) 777-1127
E-mail: Stuart@higginslawiowa.com

*/s/ Justin K. Swaim*
Justin K. Swaim AT0007788
SWAIM LAW FIRM, P.L.L.C
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: (515) 305-1412
Facsimile: (515) 864-0185
E-mail: justin@swaimlawfirm.com

*ATTORNEYS FOR PLAINTIFFS*

Original Electronically Filed via CM/ECF.

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 18, 2026**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this action including the following counsel for the Defendants:

Sarah K. Franklin
DENTONS DAVIS BROWN PC
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: **sarah.franklin@dentons.com**

Spencer M. Willems
DENTONS DAVIS BROWN PC
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: **spencer.willems@dentons.com**

Brian P. Baggott
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545
Email: **brian.baggott@dentons.com**

Christopher Helt
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2654
Facsimile: (816) 531-7545
Email: **christopher.helt@dentons.com**

**ATTORNEYS FOR DEFENDANTS**

**/s/ Stuart L. Higgins**
Stuart L. Higgins