**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**(CENTRAL DIVISION)**

| | | |
|---|---|---|
| JAMES ("JIM") NEWTON, II, and BRENT MESKIMEN,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL SWINTON, et al.,<br><br>Defendants. | ) | Case No. 4:25-cv-00453-SMR-HCA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS** |

In support of this Response, Plaintiffs state as follows:

1. On September 29, 2026, counsel for the Defendants emailed counsel for Plaintiffs requesting two extensions: (1) an extension for Defendants' Reply to Plaintiffs' Brief in Resistance to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 102 *SEALED*] from the original deadline of October 5, 2026, to October 26, 2026; and (2) an extension of the deadline for Defendants' discovery responses that were originally due September 30, 2026, to one week after the Court rules on Defendants' pending Motion to Stay Discovery, or, in the Alternative, for a Protective Order Limiting Discovery [ECF No. 88], or at least until after the hearing on that Motion set for October 14, 2026. See email from Sarah Franklin to Plaintiffs' counsel dated September 29, 2026, a copy of which is attached as Exhibit 1 and incorporated herein by reference.

2. On September 30, 2026, at 4:10 p.m., counsel for Plaintiffs responded to Attorney Franklin's September 29, 2026 email agreeing to Defendants' requested extensions subject to

reasonable conditions as set out in that response email. See email from Justin Swaim to Sarah Franklin (and cc'ing all other counsel) dated September 30, 2026, a copy of which is attached as Exhibit 2 and incorporated herein by reference.

3. At 4:21 p.m., on September 30, 2026, Attorney Franklin responded to Plaintiffs' counsel's email stating, "Thanks for the response. I already asked my paralegal to file a Motion for Extension on the discovery and that will be coming through any minute now…I will talk with my co-counsel on your various proposals and we will respond by the end of this week." See email from Sarah Franklin to Justin Swaim (and cc'ing all other counsel) dated September 30, 2026, a copy of which is attached as Exhibit 3 and incorporated herein by reference.

4. At 4:43 p.m., on September 30, 2026, Plaintiffs' counsel received Notice of Electronic Filing of Defendants' Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests [ECF No. 103]. In paragraph 3 of that Motion, Defendants state:

> After the Court continued the September 30, 2026 hearing on the pending Motion to Stay, counsel for Defendants contacted counsel for Plaintiffs to determine whether Plaintiffs would agree to a discovery extension of one week after the Court rules on the Motion to Stay, or until after the October 14, 2026 hearing on the Motion to Stay. The undersigned attempted to contact counsel for Plaintiffs via email on September 29 and 30 and via phone on September 30. As of the date of this Motion, the undersigned has not received a response back from counsel for Plaintiffs on the requested extension.

5. By the time Plaintiffs' counsel received notice of the filing of Defendants' Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests, Plaintiffs' counsel had already responded to Defendants' request for an extension, offering to agree subject to the conditions identified in Exhibit 2. Accordingly, paragraph 3 of Defendants' Motion does not reflect the full record of the parties' communications concerning the requested extension.

6. Moreover, although Attorney Franklin indicated, in her September 30, 2026 email (*see* Exhibit 3 attached hereto and incorporated herein), that she would discuss with her co-

counsel the conditions Plaintiffs' placed on their agreement to Defendants' two requested extensions and get back to Plaintiffs' counsel by the end of that week (i.e., October 2, 2026), the only "response" Plaintiffs received was in a separate filing by Defendants on October 2, 2026, when, instead of agreeing to the reasonable conditions placed on Plaintiffs' agreement to Defendants' requested extensions and instead of making any attempt to discuss the matter further with Plaintiffs, Defendants simply hauled off and filed their Motion for Extension of Time to File a Reply to Plaintiffs' Resistance to Motion to Dismiss [ECF No. 104].

7. In that filing, i.e., Defendants' Motion for Extension of Time to File a Reply to Plaintiffs' Resistance to Motion to Dismiss, Defendants only requested an extension of the deadline for their reply to October 19, 2026, instead of October 26, 2026—the date Defendants requested Plaintiffs agree to, as set out in Defendants' counsel's email request to Plaintiffs' counsel. *See* [ECF No. 104 ¶4]; *see also* Exhibits 1-3 hereto attached and incorporated herein.

8. And, in paragraph 6 of Defendants' Motion for Extension of Time to File a Reply to Plaintiffs' Resistance to Motion to Dismiss, Defendants state:

> In compliance with Local Rule 7(k), counsel for Defendants contacted counsel for Plaintiffs to request an extension of time for their Reply. In response, counsel for Plaintiffs conditioned their consent on various demands that Defendants cannot fully agree to.

9. This paragraph is not fully accurate. Defendants requested Plaintiffs' agreement to an extension for their reply to October 26, 2026, and not October 19, 2026, as subsequently requested by Defendants in their Motion for Extension of Time to File a Reply to Plaintiffs' Resistance to Motion to Dismiss. Defendants' counsel never discussed with Plaintiffs' counsel a requested extension only to October 19, 2026, for Defendants' reply.

10. Moreover, Defendants, in that paragraph: (1) fail to fully apprise the Court of the reasonable conditions Plaintiffs placed on their agreement to Defendants' two requested

extensions; (2) fail to fully apprise the Court that Defendants had jointly requested two extensions (an extension on providing discovery as well as an extension of the deadline for filing their reply) together or at the same time, and that Plaintiffs' conditions were jointly placed on their agreement as to both of Defendants' requested extensions; (3) fail to fully apprise the Court as to why Defendants could not "fully agree to" Plaintiffs' conditions and to what extent, if any, Defendants were willing to agree; and (4) fail to fully apprise the Court that counsel for Defendants made no further contact with Plaintiffs' counsel to attempt to discuss the matter further—after Defendants' counsel said she would discuss with her co-counsel and get back to Plaintiffs' counsel regarding the conditions Plaintiffs placed on their agreement to Defendants' two requested extensions and after Defendants apparently decided they could not "fully agree to" Plaintiffs' conditions.

11. Plaintiffs' counsel still has no idea as to why their conditions were not fully agreeable with Defendants and whether there was some way to come to an agreement or work around any issues Defendants had with any of Plaintiffs' conditions.

12. Plaintiffs submit this Response to ensure that the Court has a complete and accurate account of the parties' communications concerning Defendants' requested extensions. Plaintiffs do not oppose reasonable extensions as a general matter, but oppose an indefinite extension of Defendants' discovery obligations without corresponding protections for Plaintiffs' ability to comply with the existing Scheduling Order. Plaintiffs respectfully request that the Court consider the correspondence attached as Exhibits 1–3 when determining the appropriate disposition of Defendants' Motion [ECF No. 103].

Respectfully submitted,

By: */s/ Stuart L. Higgins*
Stuart L. Higgins AT0010945
HIGGINS LAW FIRM, P.L.L.C.
701 13th Street, Suite 1
West Des Moines, IA 50265
Telephone: (515) 619-9148
Facsimile: (515) 777-1127
E-mail: Stuart@higginslawiowa.com

/s/ Justin K. Swaim.
Justin K. Swaim AT0007788
SWAIM LAW FIRM, P.L.L.C.
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: (515) 305-1412
Facsimile: (515) 864-0185
E-mail: justin@swaimlawfirm.com

Original Electronically Filed via CM/ECF.

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 14, 2026**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this action including the following counsel for the Defendants:

Sarah K. Franklin
Spencer M. Willems
DENTONS DAVIS BROWN PC
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: **sarah.franklin@dentons.com**
Email: **spencer.willems@dentons.com**

Brian P. Baggott
Christopher Helt
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2654
Facsimile: (816) 531-7545
Email: **brian.baggott@dentons.com**
Email: **christopher.helt@dentons.com**

**ATTORNEYS FOR DEFENDANTS**

**/s/ Stuart L. Higgins**
Stuart L. Higgins

EXHIBIT 1

SWAIM LAW FIRM PLLC

**Justin Swaim <justin@swaimlawfirm.com>**

---

## Newton, et al v. Farm Bureau, et al

1 message

---

**Franklin, Sarah** <sarah.franklin@dentons.com> Tue, Sep 29, 2026 at 11:53 AM
To: Stuart Higgins <stuart@higginslawiowa.com>, Justin Swaim <justin@swaimlawfirm.com>
Cc: "Baggott, Brian P." <brian.baggott@dentons.com>, "Carroll, Megan M." <megan.carroll@dentons.com>, "Helt, Christopher" <christopher.helt@dentons.com>, "Kurdi, Jordan" <jordan.kurdi@dentons.com>, "Willems, Spencer" <spencer.willems@dentons.com>, "Wilson, Heather" <heather.wilson@dentons.com>

Stuart and Justin,

We wanted to reach out to request two extensions for upcoming deadlines in the Newton v. Farm Bureau case:

- Our Reply to Plaintiffs' Resistance to our Motion to Dismiss is currently due Monday, October 5. Many of us are in depositions/traveling over the next few weeks. Given these scheduling conflicts and the length of Plaintiffs' Resistance, would you please give us until **October 26** to file our Reply?
- Our discovery responses are due this Wednesday. As you likely saw, the court moved the hearing on the Motion to Stay to October 14. Would you be willing to grant an extension on our discovery responses and objections until one week after the Court rules on the pending Motion to Stay, or at least until after the hearing on October 14?

Happy to discuss these issues if you would like.

Thanks,
Sarah

Sarah Franklin

Shareholder & General Counsel

My pronouns are: (she/her/hers)

+1 515 288 2500

sarah.franklin@dentons.com | Bio | Website

Dentons Davis Brown PC | Dentons Tower, 215 10th Street, Suite 1300, Des Moines, IA 50309

DENTONS

Our Legacy Firms | Client Experience (CX)

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices | Privacy | Cookies

EXHIBIT 2

SWAIM LAW FIRM PLLC

**Justin Swaim <justin@swaimlawfirm.com>**

---

# Re: Newton, et al v. Farm Bureau, et al

1 message

---

**Justin Swaim** <justin@swaimlawfirm.com> Wed, Sep 30, 2026 at 4:10 PM
To: "Franklin, Sarah" <sarah.franklin@dentons.com>
Cc: Stuart Higgins <stuart@higginslawiowa.com>, "Baggott, Brian P." <brian.baggott@dentons.com>, "Carroll, Megan M." <megan.carroll@dentons.com>, "Helt, Christopher" <christopher.helt@dentons.com>, "Kurdi, Jordan" <jordan.kurdi@dentons.com>, "Willems, Spencer" <spencer.willems@dentons.com>, "Wilson, Heather" <heather.wilson@dentons.com>
Bcc: Justin Swaim <justin@swaimlawfirm.com>

Sarah,

Thanks for reaching out. Consistent with our practice throughout this litigation, we want to continue working cooperatively with you regarding reasonable extensions. We have generally accommodated Defendants' requests for extensions, just as Defendants have accommodated ours.

We are willing to agree to the extensions you requested, subject to the following conditions.

First, Defendants' Motion to Stay and supporting briefing have referenced Plaintiffs' prior requests for extensions in arguing that this case has been delayed. Defendants have likewise requested extensions at various stages of the briefing on both motions to dismiss and are now requesting an additional three weeks to file their reply on the current Motion to Dismiss. We do not believe mutually agreed extensions should be used by either side as evidence that the other has caused undue delay in this litigation. Accordingly, our agreement is conditioned on Defendants agreeing that they will not rely upon Plaintiffs' prior agreed extensions—or Plaintiffs' agreement to the extensions requested in your email below—as support for the pending Motion to Stay or as evidence that Plaintiffs have caused undue delay in this case.

Second, as we have previously discussed and as explained in Plaintiffs' resistance to the Motion to Stay, Plaintiffs have upcoming deadlines under the Scheduling Order that depend upon obtaining and completing discovery. If Defendants' discovery obligations are going to be further delayed while Defendants also receive an additional three weeks to complete briefing on the Motion to Dismiss, those deadlines need to move correspondingly. We therefore propose that the current deadlines for adding parties and amending pleadings, Plaintiffs' and Defendants' expert designations and disclosures/reports, rebuttal expert disclosures, completion of discovery, and dispositive motions each be extended by two months. We can jointly submit an appropriate motion to the Court reflecting those agreed extensions.

Third, with respect to Defendants' discovery responses, given that the Court has set the Motion to Stay for hearing on October 14, we are willing to extend Defendants' deadline to serve responses and objections through October 21. If the Court has not ruled by then, we can revisit the issue based upon the circumstances at that time. We prefer a date-certain extension rather than tying the deadline to an eventual ruling because we do not know when the Court will rule and Plaintiffs need discovery to meet the remaining case deadlines.

In the meantime, Defendants should produce the non-privileged documents identified in their Initial Disclosures as documents, ESI, and tangible things in their possession, custody, or control that they may use to support their claims or defenses. Because Defendants have already identified those materials as part of their Rule 26(a)(1) disclosures, we do not see a reason that production of those materials should await resolution of the Motion to Stay.

If Defendants agree to the above, Plaintiffs will not object to the requested October 26 deadline for Defendants' reply in support of the Motion to Dismiss or the October 21 deadline for Defendants' discovery responses and objections.

Thanks,
Justin

SWAIM
LAW FIRM PLLC

Justin K. Swaim

Swaim Law Firm, P.L.L.C.
701 13th Street, Suite 2
West Des Moines, IA 50265
Phone: (515) 305-1412
Fax: (515) 864-0185
Email: justin@swaimlawfirm.com
www.swaimlawfirm.com

On Tue, Sep 29, 2026 at 11:53AM Franklin, Sarah <sarah.franklin@dentons.com> wrote:

Stuart and Justin,

We wanted to reach out to request two extensions for upcoming deadlines in the Newton v. Farm Bureau case:

- Our Reply to Plaintiffs' Resistance to our Motion to Dismiss is currently due Monday, October 5. Many of us are in depositions/traveling over the next few weeks. Given these scheduling conflicts and the length of Plaintiffs' Resistance, would you please give us until **October 26** to file our Reply?
- Our discovery responses are due this Wednesday. As you likely saw, the court moved the hearing on the Motion to Stay to October 14. Would you be willing to grant an extension on our discovery responses and objections until one week after the Court rules on the pending Motion to Stay, or at least until after the hearing on October 14?

Happy to discuss these issues if you would like.

Thanks,
Sarah

Sarah Franklin

Shareholder & General Counsel

My pronouns are: (she/her/hers)

+1 515 288 2500

sarah.franklin@dentons.com | Bio | Website

Dentons Davis Brown PC | Dentons Tower, 215 10th Street, Suite 1300, Des Moines, IA 50309

DENTONS

Our Legacy Firms | Client Experience (CX)

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices | Privacy | Cookies

--

SWAIM
LAW FIRM P.L.L.C.

Justin K. Swaim
Swaim Law Firm, P.L.L.C.
701 13th Street, Suite 2
West Des Moines, IA 50265
Phone: (515) 305-1412
Fax: (515) 864-0185
Email: justin@swaimlawfirm.com
www.swaimlawfirm.com

EXHIBIT 3

SWAIM LAW FIRM PLLC

Justin Swaim <justin@swaimlawfirm.com>

## RE: Newton, et al v. Farm Bureau, et al

1 message

**Franklin, Sarah** <sarah.franklin@dentons.com> Wed, Sep 30, 2026 at 4:21 PM
To: Justin Swaim <justin@swaimlawfirm.com>
Cc: Stuart Higgins <stuart@higginslawiowa.com>, "Baggott, Brian P." <brian.baggott@dentons.com>, "Carroll, Megan M." <megan.carroll@dentons.com>, "Helt, Christopher" <christopher.helt@dentons.com>, "Kurdi, Jordan" <jordan.kurdi@dentons.com>, "Willems, Spencer" <spencer.willems@dentons.com>, "Wilson, Heather" <heather.wilson@dentons.com>

Thanks for the response. I already asked my paralegal to file a Motion for Extension on the discovery and that will be coming through any minute now.

I will talk with my co-counsel on your various proposals and we will respond by the end of this week.

Sarah Franklin

Shareholder & General Counsel

My pronouns are: (she/her/hers)

+1 515 288 2500

Des Moines

---

**From:** Justin Swaim <justin@swaimlawfirm.com>
**Sent:** Wednesday, September 30, 2026 4:11 PM
**To:** Franklin, Sarah <sarah.franklin@dentons.com>
**Cc:** Stuart Higgins <stuart@higginslawiowa.com>; Baggott, Brian P. <brian.baggott@dentons.com>; Carroll, Megan M. <megan.carroll@dentons.com>; Helt, Christopher <christopher.helt@dentons.com>; Kurdi, Jordan <jordan.kurdi@dentons.com>; Willems, Spencer <spencer.willems@dentons.com>; Wilson, Heather <heather.wilson@dentons.com>
**Subject:** Re: Newton, et al v. Farm Bureau, et al

**[WARNING: EXTERNAL SENDER]**

---

Sarah,

Thanks for reaching out. Consistent with our practice throughout this litigation, we want to continue working cooperatively with you regarding reasonable extensions. We have generally accommodated Defendants' requests for extensions, just as Defendants have accommodated ours.

We are willing to agree to the extensions you requested, subject to the following conditions.

First, Defendants' Motion to Stay and supporting briefing have referenced Plaintiffs' prior requests for extensions in arguing that this case has been delayed. Defendants have likewise requested extensions at various stages of the briefing on both motions to dismiss and are now requesting an additional three weeks to file their reply on the current Motion to Dismiss. We do not believe mutually agreed extensions should be used by either side as evidence that the other has caused undue delay in this litigation. Accordingly, our agreement is conditioned on Defendants agreeing that they will not rely upon Plaintiffs' prior agreed extensions—or Plaintiffs' agreement to the extensions requested in your email below—as support for the pending Motion to Stay or as evidence that Plaintiffs have caused undue delay in this case.

Second, as we have previously discussed and as explained in Plaintiffs' resistance to the Motion to Stay, Plaintiffs have upcoming deadlines under the Scheduling Order that depend upon obtaining and completing discovery. If Defendants' discovery obligations are going to be further delayed while Defendants also receive an additional three weeks to complete briefing on the Motion to Dismiss, those deadlines need to move correspondingly. We therefore propose that the current deadlines for adding parties and amending pleadings, Plaintiffs' and Defendants' expert designations and disclosures/reports, rebuttal expert disclosures, completion of discovery, and dispositive motions each be extended by two months. We can jointly submit an appropriate motion to the Court reflecting those agreed extensions.

Third, with respect to Defendants' discovery responses, given that the Court has set the Motion to Stay for hearing on October 14, we are willing to extend Defendants' deadline to serve responses and objections through October 21. If the Court has not ruled by then, we can revisit the issue based upon the circumstances at that time. We prefer a date-certain extension rather than tying the deadline to an eventual ruling because we do not know when the Court will rule and Plaintiffs need discovery to meet the remaining case deadlines.

In the meantime, Defendants should produce the non-privileged documents identified in their Initial Disclosures as documents, ESI, and tangible things in their possession, custody, or control that they may use to support their claims or defenses. Because Defendants have already identified those materials as part of their Rule 26(a)(1) disclosures, we do not see a reason that production of those materials should await resolution of the Motion to Stay.

If Defendants agree to the above, Plaintiffs will not object to the requested October 26 deadline for Defendants' reply in support of the Motion to Dismiss or the October 21 deadline for Defendants' discovery responses and objections.

Thanks,
Justin

Justin K. Swaim

Swaim Law Firm, P.L.L.C.

701 13th Street, Suite 2

West Des Moines, IA 50265

Phone: (515) 305-1412

Fax: (515) 864-0185

Email: justin@swaimlawfirm.com

www.swaimlawfirm.com

On Tue, Sep 29, 2026 at 11:53 AM Franklin, Sarah <sarah.franklin@dentons.com> wrote:

Stuart and Justin,

We wanted to reach out to request two extensions for upcoming deadlines in the Newton v. Farm Bureau case:

- Our Reply to Plaintiffs' Resistance to our Motion to Dismiss is currently due Monday, October 5. Many of us are in depositions/traveling over the next few weeks. Given these scheduling conflicts and the length of Plaintiffs' Resistance, would you please give us until **October 26** to file our Reply?
- Our discovery responses are due this Wednesday. As you likely saw, the court moved the hearing on the Motion to Stay to October 14. Would you be willing to grant an extension on our discovery responses and objections until one week after the Court rules on the pending Motion to Stay, or at least until after the hearing on October 14?

Happy to discuss these issues if you would like.

Thanks,
Sarah

Sarah Franklin

Shareholder & General Counsel

My pronouns are: (she/her/hers)

+1 515 288 2500

sarah.franklin@dentons.com | Bio | Website

Dentons Davis Brown PC | Dentons Tower, 215 10th Street, Suite 1300, Des Moines, IA 50309

Our Legacy Firms | Client Experience (CX)

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices | Privacy | Cookies

--

Justin K. Swaim

Swaim Law Firm, P.L.L.C.

701 13th Street, Suite 2

West Des Moines, IA 50265

Phone: (515) 305-1412

Fax: (515) 864-0185

Email: justin@swaimlawfirm.com

www.swaimlawfirm.com